IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-00015-BO

| | |
|---|---|
| SHARON MAY WELDON,<br><br>                Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | **ORDER** |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings [D.E. 17, 22]. For the reasons detailed below, plaintiff's motion is GRANTED and defendant's motion is DENIED. The decision of the Commissioner is REMANDED for further consideration.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits on April 26, 2013, alleging a disability beginning on March 15, 2012. The claim was denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") on June 12, 2014. In a decision dated July 24, 2014, the ALJ found that plaintiff was not disabled. Tr. 15–24. The Appeals Council denied plaintiff's request for review on November 19, 2014, rendering the ALJ's decision the final decision of the Commissioner. *Id.* at 1–3. Plaintiff commenced this action and filed a complaint pursuant to 42 U.S.C. 405(g) on January 29, 2015. [D.E. 5].

## MEDICAL HISTORY

Plaintiff has a long work history, having been employed by the Internal Revenue Service for over 22 years. She has a history of back problems. Her primary care physician, Dr. Michael Smith, repeatedly noted limited range of motion and tenderness in her back upon examination, and occasionally observed an antalgic gait. He noted her medications can cause drowsiness. Plaintiff was also seen by an orthopedist, Dr. David Allen, who administered injections for pain. Plaintiff has also sought mental health treatment. She has been diagnosed with bipolar disorder and depression. She has been treated with medication and therapy.

At the hearing, plaintiff noted that she experiences constant pain, and as a result she must frequently change positions from standing to sitting or lying down. She leans on furniture to move around her house, and she is reliant upon family members to assist her in household chores. Because of her chronic pain, plaintiff testified that she experiences depression.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis

requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

After finding that the plaintiff had not engaged in any substantial gainful activity since her alleged onset date at step one, the ALJ determined that plaintiff's degenerative disc disease and back strain were severe impairments at step two. Tr. at 17. The ALJ then found that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three. *Id.* at 20. The ALJ determined that the plaintiff had an RFC to perform a reduced range of medium work as follows: can frequently climb ladders, ropes, and scaffolds, can frequently reach overhead with the right upper extremity, and can frequently handle bilaterally. *Id.* At step four, the ALJ found that plaintiff was able to perform her past relevant work as a tax examiner. *Id.* at 24. Thus, the ALJ found that plaintiff was not disabled as of the date of his decision. *Id.*

3

Here, plaintiff asserts that the ALJ failed to properly consider the medical evidence, specifically how it documents her back impairment and mental health issues. She contends that the medical record of her back condition supports the limitations assessed by her treating physician. She also argues that the ALJ erred in failing to incorporate into the RFC a finding that she was capable of performing simple, routine work. The Commissioner contends that substantial evidence supports the ALJ's consideration of these impairments.

Plaintiff's treating physician, Dr. Smith, completed a physical RFC assessment on June 3, 2014. *Id.* at 377–82. He noted her low back pain and depression and opined that she was limited in her abilities to sit, stand and walk. The ALJ gave little weight to Dr. Smith's opinion, concluding that it was not supported by his own treatment notes. However, the medical evidence reflects: a November 2011 x-ray of the lumbar spine showed moderate degenerative facet arthritis and mild endplate spurring; a March 2012 exam noted limited range of motion ("ROM") and tenderness to palpitation over the lumbar spine as well as positive straight leg raise on the right; a May 2012 exam indicated tenderness to palpitation over the lumbar spine and antalgic gait; an April 2013 exam showed limited ROM and tenderness to palpitation, as well as positive straight leg raises; a June 2013 x-ray again showed degenerative facet arthritis in the lower lumbar spine with degeneration of the SI joint, right greater than left; an exam that month demonstrated tenderness to palpitation over the lumbar spine as well as positive straight leg raises bilaterally; and a July 2013 exam revealed reduced ROM of lumbar spine and positive straight leg raise on the left.

Although there is not evidence of strength deficits or a consistently antalgic gait, the record supports a finding that plaintiff is limited in her abilities to sit, stand, and walk as well as lift or carry to a greater degree than the RFC for medium work reflects. Plaintiff's hearing

testimony corroborates that she is limited. For example, she stated that she alternates between sitting, standing, and lying down to alleviate pain, a gallon of milk is too heavy for her to carry, and she relies on the assistance of others to accomplish basic household chores. Coupled with her obesity,[1] which can complicate musculoskeletal issues and impair functioning, the ALJ decision failed to properly evaluate plaintiff's back condition, Dr. Smith's assessment of her ability to function, and her RFC. This requires remand.

Plaintiff also challenges the ALJ's consideration of her mental health conditions. Consulting examiner, Dr. Morton Meltzer, evaluated plaintiff on June 8, 2013. *Id.* at 321–23. He diagnosed depression, not otherwise specified, and opined that "[s]he can sustain attention, perform simple repetitive tasks if pain does not interfere, relate to other including fellow workers and supervisors." *Id.* at 323. He also opined that she could "[t]olerate the stress of day to day work . . . if there is no pain." *Id.* He also stated that her problems were not psychiatric. *Id.*

The ALJ noted that plaintiff's pain was treated conservatively and thus not so severe so as to preclude semi-skilled and skilled work. *Id.* As noted above, the ALJ erred in considering her allegations of back pain and its limiting effects. By extension, his conclusion that her pain does not preclude semi-skilled or skilled work is unsupported in the record.

Further, the ALJ gave great weight to Dr. Meltzer's assessment and noted that he did not find that she was limited to simple, routine, repetitive tasks. *Id.* at 23. The ALJ read Dr. Meltzer's opinion to indicate that plaintiff was capable of performing unskilled work. *Id.* However, simple, routine, repetitive work is a narrower category, meaning greater limitations, that unskilled work. *See McClendon v. Astrue*, No. 1:10CV 411, 2012 WL 13525 (M.D.N.C. Jan. 4, 2012); *Teeter v. Astrue*, No. 3:12–CV–190–GCM, 2012 WL 5405531 (W.D.N.C. Nov. 6,

---

[1] Plaintiff has a BMI of 45.3. Tr. at 18.

Case 7:15-cv-00015-BO   Document 24   Filed 03/14/16   Page 5 of 7

2012) (finding that unskilled work is not synonymous with a limitation to simple, routine, repetitive tasks). Although he did not reference "routine" tasks, Dr. Melzer clearly found that plaintiff could only perform simple, repetitive work when her pain did not interfere. It is reasonable to infer that if her pain was causing her difficulty, she would not be capable of even simple, repetitive tasks. If there was doubt as to what Dr. Meltzer's limitation meant, the ALJ should have sought clarification.

A limitation to such work is also supported by the finding of the claims examiner who concluded her previous work was precluded because she was limited her to simple, routine, repetitive tasks. Tr. at 51. Likewise, state agency psychologist Dr. Kevin Noles concluded that the totality of evidence supports a limitation to simple, routine, repetitive tasks. *Id.* at 54. The ALJ misstated Dr. Meltzer's findings and failed to explain why he gave great weight to that opinion but omitted Dr. Meltzer's limitation to simple, routine work into the RFC. Without this limitation in the RFC or explanation for its absence, the court cannot conduct a meaningful review of this aspect of the ALJ's decision and therefore cannot say that the RFC determination is supported by substantial evidence. Accordingly, this issue requires remand for further consideration and explanation.

Additionally, the ALJ gave great weight to state agency consultant who opined that plaintiff does not have a severe mental impairment. *Id.* at 24. As plaintiff points out, however, this assessment was completed in October 2013, just as plaintiff's mental health treatment was getting underway. As such, the state agency consultant lacked all the relevant treatment records to properly assess her mental health conditions. Subsequent treatment records reflect that plaintiff was pursuing therapy, had diagnoses of bipolar disorder and depression, required adjustments in her medications, was observed as depressed and experiencing mood swings,

6

irritability, paranoia, and complained of visual and auditory hallucinations. She was assigned Global Assessment of Functioning ("GAF") scores between 45 and 50, which indicates "serious symptoms . . or any serious impairment in social, occupational, or school functioning." American Psychiatric Association, Diagnostic & Statistical Manual of Mental Disorders ("DSM-IV") 34 (5th ed. 2013). Without the benefit of these subsequent treatment records indicating some mental health symptoms and treatment, the state agency consultant's October 2013 opinion finding that plaintiff does not have a severe mental health impairment cannot reasonably be found to be an accurate assessment of plaintiff's mental health condition. Consequently, the ALJ erred in affording that opinion great weight.

Because the ALJ's conclusions with respect to plaintiff's mental health impairments is not supported by substantial evidence, remand is warranted for further consideration of these conditions.

## **CONCLUSION**

For the reasons detailed below, plaintiff's motion is GRANTED and defendant's motion is DENIED. The decision of the Commissioner is REMANDED for further consideration.

SO ORDERED.

This \_\_11\_\_ day of March, 2016.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE